940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jim T. REESE, Petitioner-Appellant,
v.
KENTUCKY STATE REFORMATORY, Respondent-Appellee.
 No. 91-5358.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, Chief District Judge.*
 
 ORDER
 
 2
 Jim T. Reese, a Kentucky prisoner, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Reese in February 1987 of first degree sodomy. The victim was his adopted daughter, who was three years old at the time of the indictment. Reese was sentenced to 20 years imprisonment. The Kentucky Supreme Court affirmed Reese's conviction in an opinion filed January 21, 1988.
 
 
 4
 Reese filed a previous petition for habeas corpus in which he raised three grounds for relief. That petition was dismissed by the district court on June 20, 1988 for failure to exhaust state remedies as to his ineffective assistance of counsel claim. Reese subsequently filed a petition for post-conviction relief under RCr 11.42 which was denied September 30, 1988. The Kentucky Supreme Court dismissed his appeal from that denial for failure to appeal in the proper court.
 
 
 5
 In his present habeas petition, Reese raised four grounds for relief: (1) use of videotaped testimony of the minor witness denied his right of confrontation, (2) the minor witness was not competent to testify, (3) testimony by the psychologist invaded the province of the jury, and (4) counsel was ineffective in failing to object to the videotape procedure. The respondent filed motions to dismiss for lack of exhaustion and for summary judgment.
 
 
 6
 The district court denied Reese's petition on the merits in a memorandum and order entered on February 22, 1991. The district court found that Reese was not denied any of the safeguards guaranteed by the confrontation clause, that the trial judge's finding of competency did not deny Reese a fair trial, that the expert witness did not testify as to the ultimate issue, and that counsel was not ineffective because he did object to the use of the videotape before it was actually shown to the jury and there was no prejudice to Reese's defense.
 
 
 7
 On appeal, Reese abandons the issue concerning the testimony of the expert witness, but continues to argue the merits of his remaining claims.
 
 
 8
 Upon consideration, we affirm the district court's order because Reese has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 9
 Accordingly, the district court's order denying Reese's petition for habeas corpus, entered on February 22, 1991, is affirmed for the reasons set forth therein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief District Judge for the Eastern District of Tennessee, sitting by designation